[Civ. No. 5610.   Third Appellate District.—January 4, 1937.]

CLAUDE HOOKE, Respondent, v. PACIFIC GRAPE PRODUCTS COMPANY (a Corporation), Appellant.

Dennett & Zion for Appellant.

Henderson, Henderson & Carey for Respondent.

PULLEN, P. J.—S. A. Gerrard Company, assignor of plaintiff, entered into a contract with defendant to sell a quantity of pears. The contract provided for "shipping point, grade, weight and acceptance", which meant to the trade that the pears were to be inspected and accepted at the point of shipment, in this case at Loomis, Newcastle or Auburn in Placer County. The standard form of fresh fruit contract was used, which provided in its printed portion that no fruit would be delivered to the buyer on Saturdays, Sundays or holidays, except by mutual consent. In the body of the contract, inserted in writing, it was provided that delivery was to start July 10th or earlier and to be made at the rate of fifteen tons per day for the first two days, twenty-five to thirty tons daily thereafter until delivery was completed.

Shipments were commenced and inspections were made at Loomis or Newcastle and the fruit delivered to the trucks of defendant and by such trucks conveyed to Modesto, where the packing plant of the defendant was located. Some two weeks after these shipments had commenced the district manager of the Gerrard Company received a call from defendant at Modesto complaining that a particular shipment of pears delivered on Saturday or Sunday was not up to grade. The company refused to adjust the matter, claiming the pears were sold under a contract calling for inspection and acceptance at the shipping point and not at Modesto. Defendant refused to pay for the lot of pears, and this action

was then commenced by the Gerrard Company to collect for the same. From a judgment in favor of the Gerrard Company the purchaser has appealed.

■ It is the contention of the defendant that the vendor, Gerrard Company, had no right to ship the fruit until inspected and if so shipped it was with the implied warranty that the fruit complied with the standards set up in the contract and that by the terms thereof the vendee was not required to provide inspectors for shipments on Saturdays or Sundays.

As to the shipments on such days, it will be recalled that the restrictions were standard provisions printed in the uniform green fruit contract, but that written in the body of the contract in longhand by the parties to the contract was the direct provision that twenty-five to thirty tons of fruit were to be shipped daily until delivery was completed. The situation here comes clearly under the provisions of section 1651 of the Civil Code, which requires that the written parts of a contract shall control the printed portions. Not only, therefore, was the vendor not at fault in delivering the fruit to the buyer on a Saturday or Sunday, but his failure to have done so would have constituted a breach of the contract.

■ Also, the failure to have an inspector at the fruit house on shipping days was the error of the buyer, for by the terms of the contract it knew the fruit company was obligated to have a fixed quantity of fruit ready for delivery daily. Furthermore, it was not the seller who removed the fruit from Loomis or Newcastle, but the pears were taken by the trucks of appellant to Modesto. Appellant's truckmen, therefore, having taken the uninspected fruit to Modesto, the fruit company cannot be held responsible for that act, being an act in which it took no part. The fruit was on the platform accessible to the inspectors of appellant and apparently without waiting for such an inspection the truckmen carried the fruit to Modesto.

■ As was held in *California P. G. Assn.* v. *Herspring,* 60 Cal. App. 503 [213 Pac. 518], where time and opportunity are given to inspect fruit and no inspection is made, such failure constitutes a waiver of the condition qualifying the buyer's obligation to become owner or to pay for the fruit or of a condition subsequent authorizing return thereof.

No error therefore appearing, the judgment of the trial court is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.